UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN L. ROBINSON,<br>    *Petitioner,*<br>    *v.*<br>COMMISSIONER OF CORRECTIONS,<br>    *Respondent.* | Civil No. 3:11-cv-222 (JBA)<br><br>February 24, 2015 |

**RULING ON RESPONDENT'S MOTION TO DISMISS**

On February 9, 2011, Petitioner Shawn Robinson, a prisoner of the State of Connecticut, filed a pro se Petition [Doc. # 1] to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2254.  Mr. Robinson amended this petition [Doc. # 48] in July 2014, after obtaining counsel.  The State now moves [Doc. # 51] to dismiss the Amended Petition in its entirety on the grounds that Petitioner has not exhausted his state remedies, as required by § 2254(b)(1)(A).  For the following reasons, the Commissioner's motion to dismiss is denied.

**I.    Background**

Mr. Robinson was fifteen years old in 1986 when he was arrested and charged with three counts of robbery in the first degree, in violation of Conn. Gen. Stat. § 53a-134(a)(3), and one count of attempted armed robbery in the first degree, in violation of Conn. Gen. Stat. § 53a-60(a)(2).  (Am. § 2254 Pet. ¶ 3A.)  He was also charged with escape from custody, in violation of Conn. Gen. Stat. § 53a-171, based on his brief escape while he was in the courthouse for a pretrial conference.  (Mem. Supp. Mot. to Dismiss [Doc. # 51] at 1–2.)  Mr. Robinson entered *Alford* pleas as to all charges against him, and in 1987, he was sentenced to fifteen years' imprisonment, execution suspended after ten years on each robbery charge, to run concurrently, five years, suspended, on the

attempted robbery charge, and five years of imprisonment on the escape charge, to run concurrent to the sentence for robbery. (*Id.* at 2.)

In 1990, while in state custody on this sentence, Mr. Robinson was charged and subsequently convicted of assault in the second degree, rioting at a correctional institution, possession of a weapon or dangerous instrument in a correctional institution, and persistent felony offender. (Mem. Supp. Mot. to Dismiss [Doc. # 12] at 5.) He was sentenced to ten years' imprisonment on the assault count, twenty-five years on the rioting count, and ten years on the possession of weapon count, all sentences to run consecutively to each other and to the 1987 sentence. (*Id.*) Because of the 1990 convictions, Mr. Robinson remains in state custody today, although he has completed his sentence for the 1987 convictions.

II.   Discussion

A. **Subject Matter Jurisdiction**

Mr. Robinson's amended habeas petition challenges only his 1987 sentence, claiming it violated his Fifth, Sixth, and Fourteenth Amendment rights. Section 2254 allows prisoners in state custody to petition a federal court to vacate, set aside, or correct their sentence if it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). However, federal courts only have subject matter jurisdiction to hear such petitions if the petitioner is "in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).

The Court requested supplemental briefing on the issue of whether it has subject matter jurisdiction to hear Mr. Robinson's petition because the issue had not been addressed by the parties and "'[i]t is a fundamental precept that federal courts are courts

2

of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C., v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)).

After reviewing the parties' briefs, the Court finds that it has jurisdiction over Mr. Robinson's claim pursuant to *Peyton v. Rowe*, 391 U.S. 54, 67 (1968) and *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995). Under these cases, a petitioner "remains 'in custody' under all of his sentences until all are served, and . . . [therefore] may attack the conviction underlying the sentence scheduled to run first in the series" even after the first sentence has been completed. *Garlotte*, 515 U.S. at 41. *Peyton* and *Garlotte* are factually distinct from this case in that Petitioner's consecutive sentence was imposed at a different proceeding and arose out of a separate set of facts than his first sentence, while "in *Petyon* the second sentence arose out of the same offense giving rise to the first sentence" and "in *Garlotte* the consecutive sentences were imposed at one proceeding." *Smalls v. Batista*, 22 F. Supp. 2d 230, 233 (S.D.N.Y. 1998).

However, other courts faced with facts similar to those here have held that *Peyton* and *Garlotte*'s holdings are broad enough to permit the court to hear the petitioner's claim. *See DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005) ("Although the facts in *Garlotte* are somewhat different from those here (i.e., the prisoner there had been convicted and sentenced by the same court at the same time), *Garlotte* allows us to review a completed sentence when the prisoner . . . is still serving a sentence imposed by a different court at a different time."); *Foster v. Booher*, 296 F.3d 947, 950 (10th Cir. 2002) (holding that *Garlotte* applies to a prisoner "sentenced to the two segments of his consecutive sentences by different courts at different times"); *Jones v. Smith*, No. 09 Civ.

8437 (JGK), 2011 WL 2693536, at *3 (S.D.N.Y. June 30, 2011) ("Unlike the petitioner here, the petitioner in *Garlotte* received his consecutive sentences on the same day, and in connection with the same events. However, that distinction is irrelevant to *Garlotte*'s holding." (internal citations omitted)); *Smalls*, 22 F. Supp. at 233 ("[N]owhere does the *Garlotte* or *Peyton* Court give any indication that the fact that the sentences were imposed on the same day, or resulted from the same events, was a factor, or proved dispositive, in those decisions."). This Court agrees.

### B. Exhaustion of State Court Remedies

Turning to the merits of the motion to dismiss, Respondent contends that Mr. Robinson's petition should be dismissed in its entirety because he failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1). Respondent raises two arguments with respect to exhaustion: (1) Petitioner did not raise his claim of ineffective assistance on the grounds of counsel's failure to object to the appointment of a mentally incompetent guardian in his state habeas action and (2) all of Petitioner's claims are unexhausted because they are currently the subject of a second state habeas petition.

Section 2254 requires petitioners to exhaust the remedies available in the state courts before filing a petition in federal court. "The Supreme Court has warned against interpreting this provision too narrowly, holding that it requires 'only that state prisoners give state courts a fair opportunity to act on their claims.'" *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)). The Court explained:

> State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. This rule of comity reduces friction between the state and federal

4

> court systems by avoiding the "unseem[liness]" of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance.
>
> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan*, 526 U.S. at 844–45 (internal citations omitted).

However, as the procedural history summarized below demonstrates, Mr. Robinson has satisfied this requirement with regard to all but one of his claims. On October 14, 1997, Mr. Robinson filed an amended petition for writ of habeas corpus in Connecticut court, in which he argued that he had received ineffective assistance of counsel on the grounds that his attorney:

> (a) failed to properly advise [him] with respect to the meaning and effect of his Alford pleas;
> (b) failed to make a motion on behalf of his client for adjudication pursuant to the Youthful Offender program . . .
> (c) failed to make a motion for an Adult Adjudication Certification Hearing . . .
> (d) failed to inform the court that his client was illiterate and under the influence of both a ps[y]chotic medication and marijuana at the time of his plea; and
> (e) manipulated and intimidated the petitioner to plead, by telling him that if he did not plead, that he would never see his mother again.

(App. D to 2d Mot. to Dismiss [Doc. # 32] at 7.) That petition was denied on February 18, 1998. *See Robinson v. Warden*, No. CV 960563130, 1998 WL 83628, at *3 (Conn. Super. Ct. Feb. 18, 1998). Mr. Robinson subsequently filed an appeal of that decision, in which he argued that the Superior Court erred in its denial of his first, second, and third claims. (*See* App. E to 2d Mot. to Dismiss at 25–29.) In addition, and for the first time,

5

he contended that "[h]is guardian, his mother, was mentally incompetent," that his attorney "knew that she was mentally challenged," and that "it would have been more appropriate to have someone who was competent appointed." (*Id.* at 27.) His appeal was denied on March 27, 2001. *See Robinson v. Comm'r of Corr.*, 62 Conn. App. 429, 439 (2001). On May 25, 2001, Mr. Robinson sought certification for review of the Appellate Court's decision by the Connecticut Supreme Court (*see* App. H to 2d Mot. to Dismiss at 2–9), but his petition was denied without explanation (*id.* at 10). On February 20, 2013, Mr. Robinson filed another habeas petition in state court arising out of the 1987 conviction, making essentially the same claims he makes here. (Ex. 3 to Mem. Supp. Mot. to Dismiss.) That petition remains pending.

From this synopsis, it is clear that Mr. Robinson has satisfied § 2254's exhaustion requirement with regard to all of his claims but his allegation that his attorney failed to contest the appointment of an incompetent person (his mother) as his guardian ad litem. The fact that Mr. Robinson has a pending habeas petition in state court on the same claims now is of no moment. Mr. Robinson has given the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Section 2254 requires no more. However, because Mr. Robinson has not satisfied § 2254's exhaustion requirement with regard to his incompetent guardian claim (which was raised for the first time in his state appeal), that claim has not been fully exhausted and cannot be raised here until the state courts have had one full opportunity to rule on it.

Accordingly, Mr. Robinson "may proceed with only the exhausted claims . . . [and] risk[] subjecting later petitions that raise new claims to rigorous procedural obstacles," or he may withdraw his petition, exhaust his remaining claim, and return to

district court with a fully exhausted petition which will not be considered a "second or successive" petition. *Burton v. Stewart*, 549 U.S. 147, 154 (2007).

### III.    Conclusion

For the foregoing reasons, Respondent's Motion [Doc. # 51] to Dismiss is DENIED.  Mr. Robinson is directed to move within 14 days of this Ruling to either proceed on his fully exhausted claims only or to withdraw his petition in its entirety.


IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 24th day of February, 2015.